# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 1:99-CR-176-8** |
| | § | **NO. 1:02-CR-76-1** |
| **KADRIAN ALEXANDER CORMIER** | § | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed December 7, 2005, alleging that defendant violated conditions of supervised release by failing to refrain from unlawful use of controlled substances on three separate occasions, by failing to report to the U.S. Probation Office as instructed, by failing to work regularly at a lawful occupation, and by failing to participate in a program of testing and treatment for alcohol and drug abuse.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on January 10, 2001, before The Honorable Richard A. Schell, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute cocaine base, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years.  The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 108 months.  Defendant was subsequently sentenced to 54 months imprisonment followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; no contact or association of any kind with any codefendant in the case; and a $100 special assessment.  See USA v. Kadrian Alexander Cormier, No. 1:99-CR-176-8 (Jan. 10, 2001).

On December 20, 2002, defendant was convicted of a new offense, possession of marijuana by an inmate, while serving his term of imprisonment in Case No. 1:99-CR-176-8, in the Bureau of Prisons.  Defendant was sentenced on December 20, 2002, before The Honorable Thad Heartfield, Chief U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession of marijuana by an inmate, a Class D felony.  This offense carried a statutory maximum imprisonment term of 5 years.  The guideline imprisonment range, based on a total

offense level of 6 and a criminal category history of VI, was 12 to 18 months.

Defendant was subsequently sentenced to 12 months imprisonment, to run

consecutively to his term of imprisonment in Case No. 1:99-CR-176-8.  His term of

imprisonment was followed by 3 years supervised release, to run concurrently with

the term of supervised release in Case No. 1:99-CR-176-8, subject to the standard

conditions of release, plus special conditions to include drug aftercare; and a $100

special assessment.  See USA v. Kadrian Alexander Cormier, No. 02-CR-76-1

(December 20, 2002).

## II.  The Period of Supervision

On July 8, 2004, defendant completed his period of imprisonment and began

service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons

for Offender Under Supervision on December 7, 2005.  The petition alleges that

defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation    officer. |

| | |
|---|---|
| Standard Condition: | Defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| Standard Condition: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for alcohol and drug abuse, as directed by the probation officer, until such time as the defendant is released form the program by the probation officer. |

As grounds, the petition alleges that on March 24th and 26th of 2005, defendant tested positive for marijuana use.  On November 18, 2005, defendant tested positive for cocaine use.  In addition, defendant has failed to report to his probation officer and to participate in his drug aftercare program on numerous occasions, and has not secured steady employment, or has not provided the U.S. Probation Office with any verification of employment.

## IV.  Proceedings

On January 17, 2006, the undersigned United States magistrate judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

Counsel for the government and the defendant announced that they had reached a partial agreement.  The government would accept defendant's plea of "true" to the allegations that he violated a condition of supervised release by failing to refrain from using the unlawful controlled substance cocaine, and in return, the government would drop all other allegations that defendant violated other conditions of supervised release.  Further, the parties communicated that the allegation to which defendant would plead "true" represented a Grade C violation, under U.S.S.G. § 7B1.1(a).

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a condition of supervised release by failing to refrain from using the unlawful controlled substance cocaine.  The court announced that this violation is a Grade C violation, with policy guidelines suggesting 6 to 12 months imprisonment upon revocation as to defendant's conviction in Case No. 1:99-CR-176-8, and with policy guidelines suggesting 8 to 14 months imprisonment upon revocation as to defendant's conviction in Case No. 02-CR-76-1.

The parties disagreed on an appropriate sanction.  The government argued that leniency on defendant's original sentences and his continued failure to comply with conditions of supervised release warrant a sentence on the higher end of the guidelines.  The government requested that the court sentence defendant to 12

months imprisonment in Case No. 1:99-CR-176-8 and 14 months imprisonment in Case No. 1:02-CR-76-1, his terms to run consecutively.  Defendant argued that there was no evidence of his reverting back to criminal activity; this is the first time he had been brought to court for violating supervised release; and all his violations occurred over a short period of time surrounding the Hurricane Rita disaster.  Defendant requested that the court consider reinstatement with conditions requiring defendant to reside in a halfway house, or alternatively, a revocation at the lower end of the guidelines to run concurrently.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The defendant's original conviction in Case No. 1:99-CR-176-8 was a Class C felony and defendant's subsequent conviction in Case No. 1:02-CR-76-1 was a Class D felony; therefore, the maximum term of imprisonment authorized for each offense under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by failing to refrain from

using an the unlawful controlled substance cocaine, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV in Case No. 1:99-CR-176-8, the guideline imprisonment range is 6 to 12 months.  U.S.S.G. § 7B1.4(a) also provides that in the case of a revocation of supervised release based on a Grade C violation and a criminal history category of VI in Case No. 1:02-CR-76-1, the guideline imprisonment range is 8 to 14 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.      The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.   Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to an alleged violation of a standard condition: to refrain from using an unlawful controlled substance.   Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this standard condition of supervised release, a Grade C violation, in the manner alleged in the petition.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision; he failed to refrain from using unlawful controlled substances.   The U.S. Probation Office stated that defendant has refused to adhere to the programs they have offered, and will not utilize

Page 8 of  10

their assistance.  As such, incarceration appropriately addresses defendant's viola-

tions.

## RECOMMENDATIONS

1.      The court should find that defendant violated the condition of supervised release, that he failed to refrain from using the unlawful controlled substance cocaine.

2.      The petition should be granted and defendant's supervised release should be revoked.

3.      Defendant should be sentenced to imprisonment for a term of twelve (12) months and one (1) day in Case No. 1:99-CR-176-8 and a term of twelve (12) months and one (1) day in Case No. 1:02-CR-76-1.  The terms of imprisonment imposed should run concurrently.

4.      Upon release of imprisonment, defendant should be placed on supervised release for a term of twelve (12) months in Case No. 1:99-CR-176-8 and a term of twelve (12) months and in Case No. 1:02-CR-76-1.  The terms of supervision imposed should run concurrently.  Within 72 hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released. Defendant shall adhere to the following conditions of supervised release:

   a.      Defendant shall reside in a community confinement center, halfway house or similar facility, upon release from imprisonment for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.

   b.      While on supervised release, defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been

adopted by the Court, and shall comply with the following additional conditions.

c.    Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

d.    Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

e.    Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 23rd day of January, 2006.


_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE